**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JACEK CHABA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23 C 981** |
| **UNITED STATES POST OFFICE,** | **Judge Harry D. Leinenweber** |
| **Defendant.** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jacek Chaba ("Chaba") filed a *pro se* Federal Tort Claim Act ("FTCA") claim against the U.S. Post Office before this Court on February 17, 2023 (Dkt. No. 1, Complaint ("Compl."))

Before the Court is Defendant U.S. Post Office's (the "Postal Service") Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Dkt. No. 18.) For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff Jacek Chaba's ("Chaba") Complaint is dismissed with prejudice.

## I.   <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 878 (7th Cir. 2012) (internal citation omitted). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiffs need not provide detailed

factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Court may consider documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint [that] are central to his claim." *188 LLC v. Trinity Industries, Inc.,* 300 F.3d 730, 735 (7th Cir. 2002). However, if a moving party relies on additional materials, the motion must be converted to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.* at 735. Given that the Court must rely on such materials to resolve this Motion, we deem it appropriate to convert Defendant's Motion to a motion for summary judgment.

In ruling on a motion for summary judgment, the Court considers the "record as a whole." *Morgan v. Harris Trust & Sav. Bank of Chi.,* 867 F.2d 1023, 1026 (7th Cir. 1989). In its consideration, the Court construes all facts and draws all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## II.    **DISCUSSION**

Defendant moves to dismiss and, in the alternative, moves for summary judgment as to Plaintiff's claim. Consistent with the local rules, Defendant filed a Local

Rule 56.1(a)(3) statement of undisputed facts along with their Motion. (Dkt. No. 20, Defendant's Statement of Facts ("DSF").) Local Rule 56.1(b)(3)(B) required Plaintiff to respond to Defendants' Local Rule 56.1(a)(3) statement. Despite having been served with a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1, (Dkt. No. 21), Plaintiff did not so respond.

Plaintiff's status as a *pro se* litigant does not excuse his failure to comply with Local Rule 56.1(b)(3). *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Southeastern Wis., Inc.,* 423 Fed. Appx. 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.,* 371 Fed. Appx. 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though employee was pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (similar).

Given Plaintiff's failure to comply with Local Rule 56.1(b)(3)(B), the facts set forth in Defendants' Local Rule 56.1(a)(3) statement are deemed admitted. *See* N.D. Ill. L.R. 56.1(a) ("All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party."); *Keeton v. Morningstar, Inc.,* 667 F.3d 877, 882 (7th Cir. 2012). But because Plaintiff's failure to comply with Local Rule 56.1 does not automatically result in

judgment for the movant, the Court will determine whether on Defendant's facts, Defendant is entitled to summary judgement.

The relevant facts are as follows: In 2019, Plaintiff mailed two packages containing family mementos and legal documents from Poland to his home in Willow Springs, Illinois. (DSF ¶ 1.) Chaba received one of these packages to his home in Illinois in October 2019, but contacted the Post Office in Willow Springs, Illinois in January 2020, because he had not received the second package. (*Id*. ¶¶ 1-2.) The Postmaster advised Chaba on January 18, 2020, that the package had been sent to the Mail Recovery Center in Atlanta, Georgia, and provided information for initiating a missing mail search. (*Id*. ¶ 3.) On April 27, 2020, another postal employee advised Chaba that his package had been damaged during transmission such that the Postal Service "couldn't make out [the] address" and was "disposed of" on March 26, 2020. (*Id*. ¶ 4.) On June 20, 2020, Krys Koutsounadis contacted Chaba via Facebook and told him that she had purchased an undeliverable box from the Post Office containing pictures and Chaba's Polish passport. (*Id*. ¶ 5.)

Chaba filed a Complaint against the Postal Service on August 3, 2020. *Chaba v. U.S. Postal Service,* No. 20-cv-4517 (N.D. Ill.), Dkt. No. 1. Chaba's initial Complaint alleged the same loss and mishandling in 2020 of the second package that he alleged in the Complaint presently before the Court. The Postal Service moved to dismiss, among other things, for failure to exhaust administrative remedies as required by 28 U.S.C. § 2675(a). *Chaba,* No. 20-cv-4517, Dkt. No. 20. The court dismissed Chaba's prior action for failure to exhaust administrative remedies on April 7, 2021. *Id.,* Dkt. No. 30 at 10-11.

The April 7, 2021 order stated, "The court would be appreciative if counsel for the Postal

Service were to assist Chaba in accessing the forms required to file the necessary

administrative claim." *Id.* at 11. The Postal Service, through its counsel, sent Chaba a

letter on April 16, 2021 (the "April 16, 2021 letter"), via email and U.S. mail, "to convey

how to file an administrative tort claim with the United States Postal Service." (Dkt.

No. 20-1, Exhibit 1, letter from Danielle Anne Phillip to Jacek Chaba, dated April 16, 2021).

The April 16, 2021 letter stated in relevant part:

> Typically, a Standard Form 95, Claim for Damage, Injury or Death, is used to convey this information. However, other written notification accompanied by a specific claim for money damages may be submitted in lieu of the Standard Form 95. A blank Standard Form 95 is enclosed for your review and convenience.
>
> ***
>
> Should you decide to file a valid claim with the United States Postal Service, the claim should be submitted in accordance with the standards set forth in 39 CFR Part 912.4. Nothing in this letter should be interpreted as the Postal Service waiving the time limits contained within its regulations to file an administrative claim, or waiving the applicable statute of limitations. **Please note that an administrative claim must be presented in writing to the appropriate federal agency and received by the agency within two years from the time such claim accrues. Please see 28 U.S.C. §2401(b). Until a valid claim is received, the statute of limitations, as noted above, continues to run.**

(Dkt. No. 20-2, Exhibit 1, at 1-2 (emphasis added).)

Chaba sent an SF-95 (with a "date of claim" of August 3, 2020) to the Postal

Service via United States Postal Service Priority Mail, which was received on August 11,

2022. (DSF ¶ 13.) The priority mailing label indicated that the envelope had been mailed

on August 6, 2022, and the envelope was postmarked "9 AUG 2022." (*Id*.) Chaba sent an SF-95 (with a "date of claim" of August 3, 2020) via United States Postal Service Certified Mail, which was received on September 16, 2022. (*Id*. ¶ 14.) The envelope bore a postage paid label dated "SEP 08 22." (*Id*.) Chaba sent an SF-95 (with a "date of claim" of August 3, 2020) via United Parcel Service Next Day Air, which was received on September 16, 2022. The UPS shipping label bore a date of "14 SEP 2022." (*Id*. ¶ 15.) All three SF-95s set forth the same "Basis of Claim," which was knowing conversion of property through the sale of Plaintiff's package to a third-party. (*Id*. ¶ 16.) The Postal Service denied Chaba's tort claim on September 22, 2022, on the basis that Plaintiff's tort claim lacked jurisdiction because the FTCA "specifically excludes liability for claims based upon the loss, miscarriage, or negligence transmission of letters or postal matter," citing 28 U.S.C. § 2680(b). (*Id*. ¶ 17.)

Defendant argues that summary judgment should be granted on two grounds: the statute of limitations has run, and for lack of subject matter jurisdiction. Though compelling, the Court need not address the jurisdictional claim because Plaintiff's FTCA claim is barred by the statute of limitations. Because the Court is approaching Defendant's Motion as a Motion for Summary Judgment, dismissal on statute of limitations grounds is appropriate (as opposed to dismissal on these grounds at the motion to dismiss stage). *See Goldsmith v. Correct Care Sols.,* 2014 WL 3377058, at *3 (N.D. Ill. Jul. 10, 2014*)* ("[t]he statute of limitations defense is more appropriate in a motion for summary judgment").

Here, the record shows that Plaintiff did not exhaust his administrative remedies within the applicable statute of limitations. As was clarified to Plaintiff in the April 16, 2021 letter, Plaintiff had two years from the accrual of his claim to present a tort claim to the Postal Service absent an exception. 28 U.S.C. § 2401(b). Under the FTCA, a claim accrues when "(A) the plaintiff discovers; or (B) a reasonable person in the plaintiff's position would have discovered that he has been injured by an act or omission attributable to the government." *Arroyo v. U.S.,* 656 F.3d 663, 668 (7th Cir. 2011). Chaba's SF-95 identified the date of the loss of his package as March 26, 2020 (DSF ¶ 16), and his complaint likewise makes clear that this was the date of the alleged mishandling. (Compl. at 2.) Plaintiff was notified on January 18, 2020, by the Post Office that his package had been sent to the Mail Recovery Center in Atlanta, Georgia. (Compl. at 1.) Plaintiff was then notified on April 27, 2020, by another postal employee that his package had been damaged during transmission, and on June 20, 2020, Plaintiff learned from Facebook that his package had been sold to a third party. (Compl. at 2.) Plaintiff's claim thus certainly accrued by June 20, 2020, if not earlier, but Plaintiff did not file a timely administrative claim until August and September 2022 – months after the two-year deadline had lapsed.

### A.  Westfall Act Savings Provision

Though Plaintiff does not argue that the Westfall Act Savings Provision saves his claim from dismissal on timeliness grounds, the Court will quickly discuss why the provision does not save Plaintiff's claim.

The Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act, amended 28 U.S.C. § 2679(d) to include this savings provision:

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if;

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced; and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5); *see* Pub. L. No. 100-694, § 6 (1988), 102 Stat. 4564-65.

Here, the United States has never been substituted as a defendant in this action. Rather, Chaba's original case, like this one, was filed in federal court against the Postal Service. *Chaba,* No. 20-cv-4517, Dkt. 30 at 4 ("Chaba is within his rights to name the Postal Service, not the United States, as the defendant.") (*citing Dolan v. U.S. Postal Service,* 546 U.S. 481, 484 (2006) ("the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name," and "also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service.") (citations and internal quotation marks omitted). Accordingly, Plaintiff does not meet the criteria to avail himself of the Westfall Act Savings Provision.

## B. Equitable Tolling

Though Plaintiff does not argue that the equitable tolling doctrine saves his claim from dismissal, the Court will explain why equitable tolling is not appropriate under the facts.

The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Singletary v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago,* 9 F.3d 1236, 1241 (7th Cir. 1993). The FTCA's limitations periods are non-jurisdictional and can be equitably tolled. *See United States v. Wong,* 575 U.S. 402, 420 (2015). The doctrine is limited to circumstances in which a plaintiff was prevented in some extraordinary way from filing his complaint in time. *P.W. by Woodson v. United States,* 990 F.3d 515, 523 (7th Cir. 2021). "Generally, the plaintiff bears the burden to establish that (1) she diligently pursued her claim; and (2) some extraordinary circumstances prevented her from timely filing her complaint." *Id.* (internal quotation marks omitted).

Here, Plaintiff has offered nothing to suggest any extraordinary circumstances that prevented him from filing his administrative claim within the two-year statute of limitations. The only discernible explanation for Plaintiff's delay is his confusion. In his response to Defendant's Motion, Plaintiff highlights the date of the letter that counsel for the Post Office sent to Plaintiff – April 16, 2021 – and then highlights the "two-year" limitations language at the bottom of the letter. (Dkt. No. 26, at 6.) The Court understands this to mean that Plaintiff understood the "accrual" of his claim to be the date of the April 16, 2021, letter, which is not so.

Plaintiff next highlights the date in which Plaintiff's administrative claim was denied by the Post Office on September 22, 2022 (Dkt. No. 1, at 19-20), highlights the language in the letter that states Plaintiff had six months to file suit in a U.S. District Court, and

writes that his Complaint before this Court in matter 23-cv-981 was filed on February 17, 2023 – within the required six-month window. (Dkt. No. 26, at 8.) However, Plaintiff had six months to file suit in a U.S. District Court *assuming he had exhausted his administrative remedies before the statute of limitations ran,* which he had not.

### III.   CONCLUSION

While we generally allow pro se litigants such as Plaintiff some leniency, the "court is not to become an advocate." *Donald v. Cook Cty. Sherriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). "[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford,* 542 U.S. 225, 226 (2004). "[C]alculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course." *Id.* at 231. "Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers." *Id.*

Accordingly, Plaintiff's Complaint is dismissed with prejudice on statute of limitations grounds.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 12/18/2023

- 10 -